United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 06, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 20-33627 |
| BJ SERVICES, LLC, *et al.*, | § | |
| | § | CHAPTER 11 |
| Debtors. | § | |
| | § | |
| GACP FINANCE CO., LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 22-3107 |
| | § | |
| KEYSTONE OILFIELD FABRICATION LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Defendant and Counterclaimant Keystone Oilfield Fabrication LLC seeks withdrawal of the reference of this adversary proceeding. GACP Finance Co., LLP objects. The Court recommends that the District Court not withdraw this adversary proceeding's referral.

## BACKGROUND

Keystone repairs and services oil field proppant equipment. (ECF No. 48 at 2). BJ Services delivered some equipment to Keystone for repairs. (ECF No. 48 at 2). BJ Services paid for the repairs but failed to pick up the repaired equipment. (ECF No. 48 at 2–3). Keystone alleges that it cared for the equipment and stored it at its yard in Wise County, Texas. (ECF No. 36 at 8). BJ Services did not pay any storage costs to Keystone. (ECF No. 48 at 2–3).

BJ Services filed for bankruptcy on July 20, 2020. (Case No. 20-33627, ECF No. 1). GACP is the Administrative Agent under a Term Loan Credit and Guaranty Agreement between BJ Services and third-party lenders. (ECF No. 1 at 2). GACP holds first priority security interests

in and liens on all of BJ Services' machinery and equipment.[1] (ECF No. 1 at 4). On September 2, 2020, the Court entered the Lift Stay Order permitting GACP to exercise its non-bankruptcy law rights with respect to its collateral and mandating that GACP—not BJ Services—pay all costs incurred in connection with its collateral after entry of the Lift Stay Order. (Case No. 20-33627, ECF No. 553 at 2–3).

On March 30, 2022, GACP filed a complaint alleging that Keystone improperly possessed the equipment. (ECF No. 1 at 3). GACP filed the complaint to liquidate the equipment pursuant to the Lift Stay Order and recover damages for Keystone's alleged violation of the Lift Stay Order. (ECF No. 1 at 3). GACP's requested relief includes: (i) permanent injunctive relief; (ii) enforcement of the plan injunction; (iii) replevin; and (iv) damages for conversion. (ECF No. 1 at 7–12).

On April 29, 2022, Keystone filed a motion to: (i) dismiss for lack of subject matter jurisdiction or failure to state a claim; or (ii) abstain. (ECF No. 8). The Court denied the motion to dismiss on November 28, 2022. (ECF No. 31 at 13). Keystone then filed counterclaims for: (i) declaratory judgments regarding state law lien rights; (ii) quantum meruit focused on storage fees Keystone incurred; (iii) unjust enrichment focused on storage fees Keystone incurred; and (iv) attorneys' fees arising under Texas law from prosecuting this lawsuit. (ECF No. 36 at 9–10). Keystone made a jury demand but does not consent to this Court holding a jury trial. (ECF No. 36 at 11). GACP moved to dismiss the counterclaims. (ECF No. 42).

On December 16, 2022, the Court signed an agreed order in which Keystone agreed to turn the equipment over to GACP, and GACP would sell the equipment with any liens attaching to sale

---

[1] BJ Services' Plan creates the Wind-Down Trust to take title to and possession of certain of BJ Services' assets. (Case No. 20-33627, ECF No. 1093 at 34). Equipment in the Wind-Down Trust is encumbered by GACP's liens and is subject to the Lift Stay Order. (Case No. 20-33627, ECF No. 1093 at 35).

proceeds.  Following entry of the agreed order, only GACP's conversion claim—that Keystone prevented GACP from implementing the Court's orders by holding the equipment—remains. (ECF No. 1 at 11).

At the January 11, 2023 hearing, the Court and the parties agreed that Keystone would file a motion seeking a report and recommendation to withdraw the reference.  (ECF No. 44). Keystone filed the motion and GACP objected.  (ECF Nos. 48; 50).

On March 1, 2023, the Court dismissed the counterclaim seeking a declaratory judgment that GACP abandoned its claim to the equipment without leave to amend.  (ECF No. 54).  The Court also dismissed the quantum meruit and unjust enrichment counterclaims but granted Keystone leave to amend.  (ECF No. 54).  Following the Court's dismissals, only counterclaims for (i) a declaratory judgment that GACP has superior rights in the equipment and (ii) attorneys' fees remain.  (ECF No. 54).

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(b).  This proceeding was referred to this Court under General Order 2012-06 consistent with 28 U.S.C. § 157(a).  Keystone seeks the District Court's withdrawal of this proceeding.  Section 157(d) commits to the District Court the decision to withdraw a bankruptcy proceeding.  28 U.S.C. § 157(d) (2020); FED. R. BANKR. P. 5011(a).  Hence, the Court may only issue a report and recommendation to the District Court about whether this proceeding should be withdrawn.

## DISCUSSION

The District Court may withdraw proceedings "for cause." *Benjamin v. United States (In re Benjamin)*, No. 17-33255, 2021 WL 3861615, at *3 (Bankr. S.D. Tex. Apr. 30, 2021) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).  The existence of

"cause" for withdrawal depends on six factors: "(i) promoting uniformity in bankruptcy administration; (ii) reduction of forum shopping and confusion; (iii) economical use of debtors' and creditors' resources; (iv) expediting the bankruptcy process; (v) the presence of a jury demand; and (vi) core versus non-core matters." *Id.* (citing *Holland*, 777 F.2d at 999). The most important factor is whether the matters referred are core or non-core. *S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 762 (2d Cir. 1996).

As a preliminary matter, GACP argues that Keystone's motion is untimely: "In an adversary proceeding, a party should move to withdraw the reference within 90 days of the complaint or notice of removal." *In the Matter of Bankruptcy Jurisdiction*, General Order No. 2011-12; (ECF No. 50 at 5–6). Because GACP filed its complaint on March 30, 2022, GACP argues that Keystone's attempt to withdraw the reference on January 20, 2023 is improper. (ECF No. 50 at 5–6).

GACP's untimeliness argument is unpersuasive. General Order 2011-12 also states that "[a] party's not having moved to withdraw the reference within these times does not waive a party's right to challenge the bankruptcy judge's authority." *See also Mobley v. Quality Lease & Rental Holdings (In re Quality Lease & Rental Holdings), LLC*, No. 14-60074, 2016 WL 416961, at *4 (Bankr. S.D. Tex. Feb. 1, 2016), *report and recommendation adopted*, No. AP 14-6005, 2016 WL 11644051 (S.D. Tex. Feb. 29, 2016) ("Although parties *should* file a motion to withdraw the reference within the time frame provided by General Order No. 2011–12, the Court does not read the order to prohibit a party's ability to request withdrawal after the expiration of 90 days."). Moreover, at the January 11, 2023 hearing in which the Court and the parties agreed that Keystone would file its motion to withdraw imminently, GACP did not object to any untimeliness. GACP also declined to object to the joint status report filed on January 11, 2023 in which Keystone

"anticipates filing a motion to withdraw the reference within the following two weeks." (ECF No. 43 at 4). Finally, Keystone moved to withdraw the reference for both its counterclaims and GACP's claims. (ECF Nos. 36; 48 at 5–10). Keystone filed its amended answer and counterclaims on December 15, 2022 and moved to withdraw the reference within 90 days. For these reasons, Keystone's motion to withdraw is not barred by untimeliness. The Court turns to the permissive withdrawal factors.

I.     UNIFORMITY IN BANKRUPTCY ADMINISTRATION

The Court's familiarity with the main bankruptcy case and its underlying facts suggests that the Court's retention of this proceeding will promote uniformity in bankruptcy administration. *Arena Energy, LP v. W&T Offshore, Inc. (In re Arena Energy, LP)*, No. 20-34215, 2021 WL 8016713, at *5 (Bankr. S.D. Tex. Apr. 27, 2021) (quoting *Johnson v. Williamson (In re British Am. Props. III, Ltd.)*, 369 B.R. 322, 327 (Bankr. S.D. Tex. 2007)) ("If a bankruptcy court is already familiar with the facts of the underlying action, then allowing that court to adjudicate the proceeding will promote uniformity in the bankruptcy administration."). GACP has filed numerous adversary proceedings to obtain relief under the Plan. (*See, e.g.*, Adv. Pro. Nos. 22-03104; 22-03105; 22-03106). These adversary proceedings were substantially focused on the orders confirming GACP's priming liens. The Court best serves notions of uniformity in bankruptcy administration by continuing to preside over this adversary proceeding. This factor supports denial of the motion to withdraw the reference.

II.     FORUM SHOPPING

GACP alleges that Keystone has attempted to forum shop by: (i) commencing a state court action after GACP filed its complaint; (ii) filing a motion in this Court to dismiss or abstain pending resolution of the state court action; and (iii) filing the motion to withdraw only after the

Court denied Keystone's motion to dismiss. (ECF No. 50 at 9). As the only party seeking to have this dispute heard in other courts, this request for withdrawal *may* be an attempt to find "a more favorable decision maker." *Arena*, 2021 WL 8016713, at *5 (quoting *Veldekens v. GE HFS Holdings, Inc.*, 362 B.R. 762, 769 (S.D. Tex. 2007)). Nevertheless, there is no direct evidence of forum shopping. This factor is either neutral or slightly supports denial of the motion to withdraw the reference.

### III.   ECONOMICAL USE OF RESOURCES

This Court has significant experience dealing with disputes over lien priority. This Court is also already intimately familiar with this case and BJ Services' bankruptcy. Much has already progressed before the Court in this adversary proceeding, including the adjudication of two motions to dismiss and an agreed order settling several of the claims. In view of: (i) the Court's familiarity with this adversary proceeding and the main bankruptcy case; and (ii) the predominance of bankruptcy issues, this factor supports denial of the motion to withdraw the reference.

### IV.   EXPEDITING THE BANKRUPTCY PROCESS

The Court confirmed BJ Services' Plan on November 6, 2020. (Case No. 20-33627, ECF No. 1093 at 68). Following confirmation, BJ Services' assets were transferred to the Wind-Down Trust. (Case No. 20-33627, ECF No. 1093 at 121). GACP argues that it must determine whether it has a deficiency or a surplus after liquidation of its collateral in order for BJ Services' estate to fully wind-down. (ECF No. 50 at 8–9). Thus, this matter must be determined before the bankruptcy process can terminate. The Court's reservation of an early May 2023 trial date will assist in expediting the bankruptcy process, and retaining this matter would save the District Court time coming up to speed. This factor supports denial of the motion to withdraw the reference.

## V. JURY DEMAND

A jury right attaches to "controvers[ies]" that seek enforcement of statutory rights that arise from common-law analogues. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989); *see also Levine v. M & A Custom Home Builder & Dev., LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008). A suit at common law generally involved the assertion of "legal rights," as opposed to "equitable rights." *Granfinanciera*, 492 U.S. at 42. An attendant monetary remedy "strongly indicates" that a claim is legal, not equitable, in nature and accompanied by a jury right. *Arena*, 2021 WL 8016713, at *4 (citing *Levine*, 400 B.R. at 205). Although a monetary remedy, a claim for attorneys' fees does not give rise to a jury trial. *See Windstream Holdings, Inc. v. Charter Commc'ns, Inc. (In re Windstream Holdings, Inc.)*, No. 19-22312 (RDD), 2020 WL 1304147, at *5 n.9 (Bankr. S.D.N.Y. Mar. 17, 2020) ("A claim for attorneys' fees incurred in enforcing the automatic stay is restitutionary in nature and does not give rise to a jury trial right." (citing *Holman v. Citimortgage, Inc. (In re Holman)*, No. 07-70202-CMS-13, 2010 WL 3522074, at *5 (Bankr. N.D. Ala. Sept. 1, 2010)); *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wis., Inc.*, 991 F.2d 1249, 1254 (declining to find an award of attorneys' fees an award of damages); 8 MOORE'S FEDERAL PRACTICE - CIVIL § 38.31 (2022) ("An award of attorney's fees will not be construed as a damage award, and will not give rise to a right to a jury trial.").

Keystone argues it is entitled to a jury trial on the conversion claim and the attorneys' fees counterclaim.[2] (ECF No. 48 at 8). Indeed, Keystone seeks monetary relief on the conversion claim and the attorneys' fees counterclaim. The conversion claim is a "traditional form of relief offered in the courts of law" to enforce "legal rights." *Curtis v. Loether*, 415 U.S. 189, 196 (1974).

---

[2] The only counterclaim for which Keystone does not seek monetary relief (and has not made a jury demand) is the counterclaim for a declaratory judgment.

But the attorneys' fees and the declaratory judgment counterclaims do not give rise to a jury trial right. While Keystone is entitled to a jury trial on the conversion claim, the lack of the jury trial right on two of the three remaining matters supports denial of the motion to withdraw the reference of this adversary proceeding at this time. *See id.* ("[I]f this legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact.").

## VI.   CORE VERSUS NON-CORE MATTERS

"[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987); *Morrison v. W. Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 479 (5th Cir. 2009). Proceedings to determine the priority of liens (including whether Keystone converted property to which GACP has a superior right and whether Keystone is entitled to a declaratory judgment) are core under 28 U.S.C. § 157(b)(2)(K). Moreover, adjudicating whether Keystone prevented GACP from implementing the terms of the Lift Stay Order is core when an alleged violation of the Lift Stay Order could only arise in the context of a bankruptcy case. *See Wood*, 825 F.2d at 97; *Garrett v. Coventry II DDR/Trademark Montgomery Farm, L.P. (In re White-Robinson)*, 777 F.3d 792, 795 (5th Cir. 2015). The counterclaims for a declaratory judgment and for attorneys' fees are core for the same reason; these counterclaims could not arise outside the bankruptcy context when the dispute requires the

examination of GACP's rights pursuant to the Court's orders against Keystone's state law rights.[3]

This factor supports the denial of the motion to withdraw the reference.

## CONCLUSION

None of the factors support withdrawal of the reference of this adversary proceeding at this stage. The reference should be withdrawn if jury issues remain at the time of trial.

SIGNED 03/06/2023

Marvin Isgur
United States Bankruptcy Judge

---

[3] If the Court grants Keystone attorneys' fees under Texas Property Code or the Texas Civil Practice & Remedies Code, it will do so following an interpretation of the Lift Stay Order, Plan, and Confirmation Order in which the Court rules that those orders do not override Keystone's state law rights. Of course, there are instances in which state law attorneys' fees have no relation to bankruptcy and are non-core. This is not such an instance.